## Oscar M. Kiess, Appellee, v. Block & Kuhl Company, Appellant.

### Gen. No. 6,367.   (Not to be reported in full.)

Appeal from the County Court of Peoria county; the Hon. CHESTER F. BARNETT, Judge, presiding. Heard in this court at the October term, 1916. Reversed. Opinion filed April 19, 1917.

### Statement of the Case.

Action by Oscar M. Kiess, plaintiff, against Block & Kuhl Company, defendant, to recover on a contract for commissions for selling victrolas in defendant's department store. From a judgment for plaintiff for $311.66, defendant appeals.

PAGE, HUNTER, PAGE & DALLWIG, for appellant.

J. E. DAILY and S. F. McGRATH, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. TRIAL, § 199*—*when direction of verdict improper.* Where the evidence is conflicting, it is improper for the trial court to direct a verdict, as it could not do so without weighing such evidence.

2. NEW TRIAL, § 109*—*what considered on motion for.* On a motion for new trial, the court is required to consider the weight of conflicting evidence and grant the motion, if in its opinion the verdict was manifestly against the weight of the evidence.

3. MASTER AND SERVANT, § 84*—*when evidence insufficient to sustain verdict for plaintiff in action to recover commissions.* In an action to recover commissions under a contract of employment providing for a weekly salary, and also commissions which were to be due and payable at the end of the employer's fiscal year, where it appeared that before the expiration of the year the plaintiff quit because he was offered a better position elsewhere, and three witnesses for the defendant testified that the right to commissions depended upon plaintiff's working for the fiscal year, as against the plaintiff alone who testified that his commissions were not made dependent on his working for the time specified, *held* that the verdict for the plaintiff was manifestly contrary to the evidence.

4. MASTER AND SERVANT, § 66*—*when employee entitled to commissions on sales.* Where, under a contract of employment an employee is to receive a certain commission upon sales made by him payable at the end of the employer's fiscal year, and the duration of the employment is not fixed, the fact that the employee quits before the expiration of the fiscal year does not of itself bar him from recovering commissions, but if the contract is to continue for the year, the employee cannot recover unless he fully performs his contract for the full term for which he was hired.

5. EVIDENCE, § 476*—*when testimony of one witness not to be given greater weight than that of opposing witnesses.* In an action for the recovery of commissions by an employee where three witnesses, as against the plaintiff alone, testified that the payment of such commissions was made dependent upon the employee working for the defendant for a time specified, and it appeared that the employee quit before the expiration of such period, *held* that although the number of witnesses alone did not control, it would be unreasonable that the testimony of the plaintiff alone should be allowed to outweigh that of the three witnesses to the contrary.

6. APPEAL AND ERROR, § 1805*—*when case reversed without remanding.* Where a verdict is contrary to the weight of evidence and another trial will not result in the production of different evidence, the case will be reversed on appeal without remanding.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.